NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-480

STATE OF LOUISIANA

VERSUS

CHERYL A. SCHONSBY

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR2012-881
HONORABLE MARTHA A. O'NEAL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JUDGE
BILLY H. EZELL

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy H. Ezell, and John E. Conery, Judges.

CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.

**James R. Lestage**
**District Attorney**
**Thirty-Sixth Judicial District Court**
**P.O. Box 99**
**DeRidder, LA 70634**
**(337) 463-5578**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Edward K. Bauman**
**La Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Cheryl A. Schonsby**

**Cheryl A. Schonsby**
**Louisiana Correctional Institute for Women**
**7205 Highway 74**
**St. Gabriel, LA 70776**

**Ezell, Judge**

Defendant, Cheryl Anne Schonsby, and her co-defendant, Catherine White, were indicted on February 14, 2013, with one count of second degree murder, a violation of La.R.S. 14:30.1 and one count of conspiracy to commit second degree murder, violations of La.R.S. 14:26 and 14:30.1. On September 5, 2014, pursuant to a plea agreement with the State, Defendant pled guilty to manslaughter. The State dismissed the charge of conspiracy to commit second degree murder.

A sentencing hearing was held on January 15, 2015, and on January 29, 2015, Defendant was sentenced to twenty years at hard labor. Defendant filed a "Motion to Reconsider Sentence" on March 4, 2015, which was denied without a hearing or written reasons.

Defendant perfected a timely appeal, wherein appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging no non-frivolous issues exist on which to base an appeal and seeking to withdraw as Defendant's appellate counsel. We grant the motion to withdraw.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## *ANDERS* ANALYSIS

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the analysis based on *Anders*, 386 U.S. 738:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after

providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

While it is not necessary for Defendant's counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308 (1983); quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 108 S.Ct. 1895 (1988)). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d at 241 (citing *United States v. Pippers*, 115 F.3d 422 (7th Cir. 1997)). Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

Pursuant to *Anders*, 386 U.S. 738, and *Jyles*, 704 So.2d 241, Defendant's appellate counsel filed a brief citing one potential error for appeal. Appellate

counsel considered an excessive sentence claim. He determined the sentence imposed was in accordance with the plea agreement; thus, it is not subject to review on appeal. Louisiana Code of Criminal Procedure Article 881.2(A)(2) provides that a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record[.]" Defendant's plea agreement included a sentencing cap of thirty years of incarceration and sentencing caps are encompassed in the La.Code Crim.P. art. 881(A)(2) prohibition against seeking appellate review of the sentence. *State v. Young,* 96-195 (La. 10/15/96), 680 So.2d 1171.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. Defendant was properly indicted. She was present and represented by counsel at all critical stages of the proceedings. Defendant was advised of her rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Defendant acknowledged that she was giving up her right to a jury trial, her right to confront and cross-examine her accusers, her right to compel witnesses to testify, her right to remain silent, and her right to representation at trial. She waived her right against self-incrimination by admitting to the violation of manslaughter. Defendant provided the trial court with signed plea form wherein she acknowledged all the rights she was giving up. The guilty plea form advised the trial court of Defendant's age and education and verified that she discussed the form with her attorney. Defense counsel also signed the plea agreement. The trial court acknowledged and verified that there was a sentencing cap of thirty years pursuant to the plea agreement. The trial court determined that Defendant was not induced or coerced to enter the plea agreement. Defendant pled guilty and stated

that she understood she was pleading guilty to manslaughter with a thirty-year cap. The trial court noted that Defendant's guilty plea was knowingly and voluntarily given. After the trial court asked Defendant if she had any questions and she indicated she did not, the trial court accepted Defendant's guilty plea.

Our review has revealed no issues that would support an assignment of error on appeal. Appellate counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.

15-480

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

    Plaintiff-Appellee

VERSUS

CHERYL A. SCHONSBY

    Defendant-Appellant

On Appeal from the Thirty-Sixth Judicial District Court, Docket Number CR 2012-881, Parish of Beauregard, State of Louisiana, Honorable Martha A. O'Neal.

## **O R D E R**

After consideration of appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter;

IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

THUS DONE AND SIGNED this _____ day of _____, 2015.

COURT OF APPEAL, THIRD CIRCUIT

_____
Judge Elizabeth A. Pickett

_____
Judge Billy H. Ezell

_____
Judge John E. Conery